**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION**

| | | |
|---|---|---|
| **JERRY EMANUEL,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO: 6:24-cv-00039** |
| | § | |
| **AMERICAN SECURITY** | § | |
| **INSURANCE COMPANY,** | § | |
| *Defendant.* | § | |

<u>**PLAINTIFF'S FIRST AMENDED COMPLAINT**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JERRY EMANUEL (herein "Plaintiff"), who files this, its First Amended Complaint, against AMERICAN SECURITY INSURANCE COMPANY (herein "Defendant") and for cause of action would respectfully show the court as follows:

**I.**

<u>**Preliminary Information and Definitions**</u>

1.  Insured:               JERRY EMANUEL (herein "Plaintiff")

    Policy Number:          2MR019733403 (herein "Policy")

    Claim Number:           00104061681 (herein "Claim" or "Claim Number")

    Date of Loss:           MAY 16, 2023 (herein "Date of Loss")

    Insured Property:       202 5TH AVE, COLEMAN, TX 76834-3825

                            (herein "Property" or "Insured Property")

    Insurer:                AMERICAN SECURITY INSURANCE COMPANY (herein
                            "Defendant")

## II.

## Parties

2.  Plaintiff is an individual who resides in Texas.

3.  Defendant is a Texas "Foreign" company registered to engage in the business of insurance in the State of Texas. This Defendant may be served with process by in person or certified mail, return receipt requested, by serving: (1) the president, an active vice president, secretary, or attorney in fact at the home office or principal place of business of the company; or (2) leaving a copy of the process at the home office or principal business office of the company during regular business hours.

4.  Defendant's Attorney for Service is: CORPORATION SERVICE COMPANY at 211 E 7TH ST, STE 620, AUSTIN, TX 78701-3218.

## III.

## Jurisdiction

5.  The court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

## IV.

## Venue

6.  Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district and the property that is the subject of the action is situated in this district.

## V.

## Facts

7. Plaintiff Jerry Emanuel was the owner of the Policy issued by Defendant. Plaintiff owns the insured property at 202 5TH Ave., Coleman, TX 76834-3825. Plaintiff purchased a homeowner's policy (Policy Number 2MR019733403) from the Defendant, American Security Insurance Company, a Texas "Foreign" company registered to engage in the business of insurance in Texas.

8. The Plaintiff suffered a significant loss with respect to the property at issue on or around May 16, 2023 due to a sudden and accidental water leak, damaging the foundation, walls, and floors. Plaintiff submitted its claim (Claim Number 00104061681) to Defendant with a Date of Loss for their damages.

9. Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the policy. Defendant failed and refused to pay the full proceeds of the policy although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by Plaintiff. Such conduct constitutes breach of the insurance contract between Defendant and Plaintiff.

10. On August 30, 2023, American Security Insurance Company was provided with detailed damage estimates showing the property required repairs totaling $148,772.59. The estimates also noted $10,000 in attorney's fees and costs incurred by Plaintiff.

11. Despite receiving clear documentation substantiating the loss, Defendant misrepresented to Plaintiff that the damage to the property was not in excess to the amount paid even though the damage was caused by a covered occurrence. Defendant's conduct constitutes violations of the Texas Insurance Code.

12. On February 27, 2024, Emanuel, through his counsel at Dick Law Firm, PLLC, also formally demanded appraisal under the policy terms to resolve the dispute regarding the amount of loss. Emanuel named D.C. Hogan and Associates, Inc. as his appraiser and requested Defendant to name its appraiser to move forward with the appraisal process. However, American Security Insurance Company failed to timely name its appraiser or agree to participate in the appraisal.

13. Due to Defendant's failure to properly pay the claim, Emanuel has been forced to continue living in a home with substantial damage. This has caused Emanuel and his family extreme distress, discomfort, and poses potential health risks from the unsanitary conditions.

14. To date, despite Plaintiff performing all requirements under the policy and all conditions precedent to recovery, American Security Insurance Company has still failed to pay the full amounts owed for the damage. American Security Insurance Company's liability for the claim is reasonably clear.

15. The Plaintiff contends that American Security Insurance Company's actions constitute numerous violations of Texas law, including breach of contract, unfair and deceptive practices under Texas Insurance Code Chapter 541, failure to comply with the Prompt Payment of Claims requirements in Texas Insurance Code Chapter 542, and breach of the common law duty of good faith and fair dealing.

16. The Plaintiff contends that American Security Insurance's actions constitute numerous violations of Texas law, including breach of contract, unfair and deceptive practices under Texas Insurance Code Chapter 541, failure to comply with the Prompt Payment of Claims requirements in Texas Insurance Code Chapter 542, and breach of the common law duty of good faith and fair dealing.

17. Emanuel also alleges that his experience with American Security Insurance Company is not an isolated case but rather part of American Security Insurance Company's general business practice of intentionally using unlicensed and unqualified adjusters to improperly deny, delay, and underpay valid claims, prioritizing corporate profits over the interests of policyholders and taking advantage of their vulnerabilities after a loss.

18. Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner although they were aware of their liability to Plaintiff under the policy. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(2).

19. The insurance company's conduct in failing to provide coverage for the insured's loss, despite the

insured's compliance with all contractual obligations and the occurrence of a covered loss, constitutes a breach of contract. The insurance company's bad faith practices and intentional efforts to avoid payment of the claim demonstrate a willful and wanton disregard for the insured's rights under the insurance contract.

20. Defendant refused to fully compensate Plaintiff, under the terms of the policy, even though Defendant failed to conduct a reasonable investigation.  Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.  Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(7).

21. As a direct result of the Defendant's breach of contract and bad faith practices, the insured has suffered significant damages, including actual damages for unrepaired property damage and out-of-pocket costs to mitigate losses, consequential damages for the diminished value of his home, mental anguish damages, attorney's fees incurred to pursue the claim, and 18% statutory interest under the Prompt Payment of Claims Act.

22. In the intricate realm of property insurance, the onus lies with the insurer to substantiate any avoidance claims, such as exclusions, based on the Texas Insurance Code, as outlined in Sec. 554.002. It is a fact that an insurance company has the burden of proving any exceptions to coverage or language of exclusion in the contract that it claims as avoidance or an affirmative defense.

23. Therefore, the insured brings this cause of action against the insurance company for breach of contract and bad faith practices and seeks damages in an amount sufficient to compensate the insured for all losses incurred as a result of the insurance company's wrongful conduct. The insured also seeks punitive damages, as the insurance company's conduct was willful, wanton, and malicious, and warrants the imposition of such damages as a means of deterring similar conduct in the future.

24. In the intricate realm of property insurance, the onus lies with the insurer to substantiate any avoidance claims, such as exclusions, based on the Texas Insurance Code, as outlined in Sec. 554.002. It is a fact that an insurance company has the burden of proving any exceptions to coverage or language of exclusion in the contract that it claims as avoidance or an affirmative defense.

25. The legal framework, including Sec. 554.002, is designed to protect the insured and maintain a balance of power between the insurer and the insured. The insurer's refusal to adhere to this framework, intentionally omitting its obligations, and suggesting that it does not bear the burden of proof, is a flagrant violation of these principles. The insurance company's conduct, in this case, demonstrates a clear and troubling deviation from its obligations under the law. By intentionally omitting and suggesting that it does not have the burden of proving any rules of avoidance or claiming exclusions without providing sufficient evidence to substantiate them, the insurer has displayed an alarming disregard for its legal and ethical responsibilities. Such conduct undermines the contractual relationship with the insured and calls into question the insurer's commitment to the principles of fairness, transparency, and good faith.

26. As a direct result of the insurance company's bad faith conduct, the insured has suffered significant damages, including financial losses, emotional distress, and other damages resulting from the insurance company's failure to fulfill its obligations under the insurance contract. In fact, the insured has experienced an independent injury separate from the physical damages covered under the insurance policy. This independent injury is a direct consequence of the insurance company's bad faith conduct, which has resulted in significant financial loss and inflicted substantial mental anguish upon the insured, which is an independent injury.

27. Therefore, the insured brings this cause of action against the insurance company for breach of the implied covenant of good faith and fair dealing and seeks damages in an amount sufficient to compensate the insured for all losses incurred as a result of the insurance company's wrongful conduct.

The insured also seeks punitive damages, as the insurance company's conduct was willful, wanton, and malicious, and warrants the imposition of such damages as a means of deterring similar conduct in the future. As a result of Defendant's acts and omissions, Plaintiff was forced to retain the attorney who is representing Plaintiff in this cause of action.

**VI.**

**Causes of Action:**

28. Plaintiff incorporates Paragraphs 1 to 27 by reference.

**COUNT 1:**

**Breach of Contract**

29. Plaintiff and Defendant entered into a valid and enforceable homeowner's insurance contract, Policy Number 2MR019733403, which provided coverage for water damage to Plaintiff's property located at 202 5TH Ave., Coleman, TX 76834-3825. The policy was in full force and effect at all relevant times.

30. Plaintiff fully performed under the insurance contract by paying all premiums when due and complying with all policy requirements, including but not limited to: a) Promptly notifying Defendant of the May 16, 2023 water damage and resulting property damage; b) Mitigating further damage to the property and documenting the losses; c) Submitting Claim Number 00104061681 with supporting documentation and proof of loss; d) Providing access to the property for inspections; and e) Timely invoking the contractual appraisal process to resolve the dispute over the amount of loss.

31. Defendant breached the insurance contract by failing to pay the full amounts owed for the covered water damage, despite receiving satisfactory proof of loss and supporting documentation from Plaintiff's contractors. Defendant further breached the contract by undervaluing the true cost of repairs, denying coverage for losses and repairs that were reasonably clear, and refusing to participate in the binding appraisal process that Plaintiff invoked per the policy terms to determine the amount of loss.

32. Defendant's failure and refusal, as described above, to pay the adequate compensation as is obligated to do under the terms of the policy in question and under the laws of the State of Texas, constitutes material breaches of the insurance contract with Plaintiff. Furthermore, Plaintiff has suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees for such violations of the Texas Insurance Code.

33. Defendant's conduct constitutes multiple violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE, Chapter 541. All violations under this article are made actionable by TEX. INS. CODE §541.151.

34. Defendant's unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

35. Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

36. Defendant's breaches of contract have caused substantial, foreseeable injury to Plaintiff, including: a) Unrepaired property damage to the dwelling and contents from water and sewage; b) Out-of-pocket expenses incurred to perform emergency water extraction, dry-out, and other urgent mitigation efforts to prevent additional damage; and c) Significant mental anguish, inconvenience and emotional distress from living in an unsafe, unsanitary and damaged home.

37. Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with

a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

38. Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims or to submit a reservation of rights to Plaintiff constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

39. Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's claims without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060, and § 541.061. Noncompliance with Texas Insurance Code Chapter 542: "The Prompt Payment of Claims Act."

40. Defendant's conduct constitutes multiple violations of the *Texas Prompt Payment* of *Claims Act.* TEX. INS. CODE, Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE § 542.060.

41. Defendant's failure, as described above, to acknowledge receipt of Plaintiff's claims, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that they reasonable believed would be required within the applicable time constraints, constitutes a non-payment of the claims. TEX. INS. CODE § 542.055-542.060.

42. Defendant's delay of payment of Plaintiff's claims, as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for constitutes a non-prompt payment of the claims. TEX. INS. CODE § 542.055-542.060.

43. All of these damages were the necessary, probable, and foreseeable consequence of Defendant's failure to perform its obligations under the insurance contract. Therefore, Plaintiff is entitled to recover his full actual, consequential and incidental damages for Defendant's breach of contract, as permitted by common law, in addition to attorney's fees.

## **COUNT 2:**

## **Breach of the Duty of Good Faith and Fair Dealing**

44. At all material times, a special relationship existed between Plaintiff (the insured) and Defendant (the insurer) due to the homeowner's insurance policy that Plaintiff purchased from Defendant. This special relationship created a non-delegable common law duty of good faith and fair dealing, which Defendant owed to Plaintiff.

45. The duty of good faith and fair dealing arose from the inherently unequal bargaining power between Defendant and Plaintiff, because Defendant had exclusive control over the evaluation, processing and denial of claims. Under this common law duty, Defendant was obligated to deal fairly and in good faith with Plaintiff in the handling of her claim, and to give at least the same level of consideration to Plaintiff's interests as to its own interests. To act in good faith, Defendant had to promptly and reasonably investigate the claim, and promptly pay all covered losses where liability was reasonably clear.

46. Defendant systemically breached its common law duty of good faith and fair dealing by:

   a. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's water claim, even after Defendant's liability had become reasonably clear from: (i) The extensive and detailed damage estimate prepared by Plaintiff's contractor; (ii) The visible damage on the exterior of the home; (iii) The visible water damage throughout the home; and

(iv) Other evidence in Defendant's possession showing the loss far exceeded the deductible. Despite ample proof the claim was covered and liability was reasonably clear, Defendant denied and delayed paying the full amounts it owed.

b. Assigning Plaintiff's claim to incompetent, unqualified and inadequately trained adjusters, who then: (i) Failed to conduct any reasonable or adequate investigation of Plaintiff's claim; (ii) Ignored the comprehensive estimate and report from Plaintiff's expert adjuster; and (iii) Prepared a biased, inaccurate, and outcome-oriented damage assessment designed only to lowball the claim and save Defendant money. This was not a good faith attempt to determine the true extent of loss or fairly pay the claim.

c. Compelling Plaintiff to file suit and litigate to recover the full amounts owed under the policy, by: (i) Denying portions of the claim that were reasonably clear; (ii) Refusing to fully pay the claim without any reasonable basis; and (iii) Offering substantially less than the amounts ultimately recovered through litigation. Defendant had no arguable reason to deny or underpay this claim other than rank bad faith.

47. For all the above reasons, Defendant knew or should have known that it lacked any reasonable basis to deny or underpay Plaintiff's water claim and to force her to litigate to recover the proper amounts owed. Defendant's breach of the common law duty of good faith and fair dealing was a proximate cause of Plaintiff's foreseeable actual and consequential damages, as well as mental anguish and emotional distress.

48. When an insurer like Defendant fails to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim where its liability has become reasonably clear, the insurer breaches the duty of good faith and fair dealing as a matter of law and becomes liable for any damages that are the

proximate cause of that breach. Here, Defendant's liability for the water damage claim had become reasonably clear from the detailed damage estimate and report prepared by Plaintiff's independent adjuster and other evidence in Defendant's possession showing the loss far exceeded the deductible. Despite this, Defendant denied and delayed full payment of the claim with no reasonable basis. That breach of duty was a proximate and foreseeable cause of Plaintiff's damages.

## COUNT 3:

## Deceptive Trade Practices & Unconscionable Conduct – Knowledge and Intent

49. Plaintiff alleges that Defendant engaged in false advertising, which violates the Texas Deceptive Trade Practices Act (DTPA) §17.46(a). Specifically, Defendant made false statements regarding the insurance policy that was sold to Plaintiff. The policy was advertised as having certain coverages and providing excellent customer service, but when Plaintiff made a valid claim, Defendant denied it without proper justification. This misrepresentation caused confusion and misunderstanding about the nature and quality of the product.

50. Additionally, Plaintiff alleges that Defendant engaged in other deceptive trade practices, including misrepresenting the authority of its agents, which is a violation of the DTPA §17.46(b). Defendant represented that its agents had the authority to negotiate the final terms of the insurance policy with Plaintiff, but in reality, they did not. This misrepresentation induced Plaintiff to enter into a transaction that they would not have otherwise entered.

51. Furthermore, Plaintiff alleges that Defendant engaged in an unconscionable course of conduct, which violates the DTPA §17.46(b). Defendant denied Plaintiff's legitimate insurance claim, causing Plaintiff to suffer financial losses, emotional distress, and other damages. Defendant's actions were unconscionable because they were grossly unfair and oppressive to Plaintiff.

52. Plaintiff alleges that Defendant violated the DTPA by engaging in false advertising, bait and switch

tactics, misrepresenting the authority of its agents, and engaging in an unconscionable course of conduct. Plaintiff seeks relief for the damages they have suffered as a result of Defendant's deceptive trade practices.

53. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described therein by Texas Deceptive Trade Practices Act. Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations. Accordingly, Plaintiff also brought each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

54. At all times material hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant. Defendant has violated the Texas Deceptive Trade Practices Act in one or more of the following manners:

   a. Representing the services have characteristics, benefits, or qualities which they do not have;

   b. Advertising goods or services with intent not to sell them as advertised;

   c. Representing that an agreement confers rights, remedies, or obligations which it does not have;

   d. Misrepresenting the authority of a representative or agent to negotiate the final terms of a consumer transaction;

   e. Failing to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and

   f. Engaging in an unconscionable course of conduct.

## COUNT 4:

### Violations of Texas Prompt Payment of Claims Act:

### Texas Insurance Code, Chapter 542:

### Strict Liability with No Good Faith Exception

55. The defendant's conduct constitutes multiple violations of Texas Prompt Payment of Claims Act under TEX. INS. CODE § 542.051-542.061, according to the information presented. The defendant failed to perform its duties, including acknowledging the claim, recording the acknowledgement, commencing the investigation, and requesting information from the claimant. Additionally, the defendant did not accept or reject the claim, state reasons for any rejection, ask for more time and tell why it is needed, pay the claim after accepting or after the claimant performs any condition, and pay the claim within 60 days after receiving the information requested.

56. Most federal district courts in Texas, applying Texas state law, hold that the residual four-year statute of limitations outlined in § 16.051 applies to claims brought under Chapter 542. *Silo Rest. Inc. v. Allied Prop. & Cas. Ins. Co*., 420 F. Supp. 3d 562, 573 (W.D. Tex. 2019); *Life in Christ Fellowship of Abilene v. Allied Prop. & Cas. Ins. Co*., No. 1:17-CV-0117-BL, 2018 WL 1157764, at *7 (N.D. Tex. Jan. 9, 2018), report and recommendation adopted, No. 1:17-CV-0117-C, 2018 WL 1157944 (N.D. Tex. Mar. 2, 2018); *Morales v. Lloyd's*, No. 7:14-CV-1001, 2016 WL 7734651, at *5 (S.D. Tex. Mar. 30, 2016).

57. An insured's claim for statutory interest under the TPPCA is "contract-based," relying on *Rx.com*. Most district courts apply the residual limitations period in § 16.051, reasoning that because § 16.051 applies to breach of contract claims, it should apply to Chapter 542 claims as well. TPPCA claims are based on the statute that provides both the cause of action and the remedy. An insured can succeed on a claim for TPPCA damages under § 542.060 even if they do not raise or succeed on a breach of contract claim.

58. As a result of Defendant's multiple violations of the Texas Prompt Payment of Claims statute, Plaintiff is entitled to recover, in addition to the amount of the claim, simple interest on the amount of the claim as damages. This 18% per annum interest penalty begins accruing on the date the claim was required to be paid (which was 60 days after Defendant had all items needed to secure final proof of loss), and

ends on the date of judgment. This statutory interest penalty is intended to punish Defendant's delay games and to compensate Plaintiff for the loss of use of the money during the period of delay, as provided in Tex. Ins. Code Sec. 542.060(c).

## **COUNT 5:**

### **Unfair Insurance Practices:**

### **Texas Insurance Code, Chapter 541**

59. At all pertinent times, Defendant was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of Defendant, its employees, and its agents as described herein constitute unfair and deceptive acts or practices in the business of insurance, in violation of Texas Insurance Code Chapter 541.

60. Specifically, Defendant engaged in the following unfair and deceptive acts prohibited by Texas Insurance Code: a) Misrepresenting to Plaintiff material facts relating to the coverage at issue, such as: (i) The true extent of water damage to the property and the actual cost to repair it; and (ii) The policy provisions and exclusions relating to water coverage. These are violations of Tex. Ins. Code Sections 541.051, 541.060 and 541.061. b) Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Claim Number 00104061681, even after Defendant's liability had become reasonably clear based on: (i) The detailed damage estimate and report provided by Plaintiff's adjuster; and (ii) Other objective evidence in Defendant's claim file showing extensive water damage around and throughout the home. This is a violation of Tex. Ins. Code Section 541.060(a)(2). c) Failing to promptly provide Plaintiff a reasonable explanation of the factual and legal basis in the policy for Defendant's denial of certain portions of the water claim and refusal to pay the full amounts owed for the loss. These are violations of Tex. Ins. Code Sections 541.060(a)(3) and 541.060(a)(1). d) Failing to affirm or deny coverage of Claim Number 00104061681 within a reasonable time after receiving all necessary claim documentation and proof of loss from Plaintiff. Instead, Defendant delayed its

coverage decision for several months with no legitimate reason, all while Plaintiff's home sat unrepaired and in disarray from the damage. Defendant also failed to timely submit a reservation of rights letter to Plaintiff. These are violations of Tex. Ins. Code Section 541.060(a)(4). e) Refusing to pay Claim Number 00104061681 without conducting a reasonable investigation of the claim based on all available evidence and information. Instead of an unbiased and thorough investigation, Defendant assigned the claim to inadequately trained and unqualified adjusters, who performed a cursory, outcome-oriented investigation aimed solely at saving the company money by minimizing covered damages and effectuating a lowball settlement, without any honest effort to objectively evaluate the true extent of loss. Defendant ignored the comprehensive damage estimate prepared by Plaintiff's independent adjuster and refused to consider other evidence in the claim file supporting coverage and a higher loss amount. This was an unreasonable investigation in violation of Tex. Ins. Code Section 541.060(a)(7).

61. The Defendant's actions caused the Plaintiff significant financial loss, mental anguish, and emotional distress, meriting recovery under the Code. Plaintiff has suffered independent injuries in the form of actual damages, including but not limited to financial loss, mental anguish, and emotional distress, as a result of the Defendant's Unfair Insurance Practices, entitling Plaintiff to relief under Texas Insurance Code §541.152.

62. The Defendant's conduct was a producing cause of the damages suffered by Plaintiff.

63. As a direct and proximate result of Defendant's Unfair Insurance Practices, Plaintiff has been damaged in an amount to be determined at trial. The conduct of the Defendant was committed knowingly. Pursuant to Texas Insurance Code §541.152 and §541.160, Plaintiff the amount of Plaintiff's actual damages, consequential damages, and punitive damages, plus reasonable and necessary attorney's fees, costs, and interest.

64. The precedent set by the Supreme Court of Texas in *USAA Texas Lloyds Company v. Gail Menchaca* (545 S.W.3d 479 (2018)) supports the Plaintiff's claim for damages resulting from independent injuries caused by the Defendant's breach of statutory obligations. The Plaintiff's damages in this case are not solely based on the denial of policy benefits but are a result of the Defendant's multiple violations of the Texas Insurance Code, making them eligible for relief.

65. Therefore, the Plaintiff is entitled to recover damages for the independent injuries resulting from the Defendant's statutory violations, as per the independent-injury rule established by the Texas Supreme Court.

## VII.

### Damages and Prayer

66. WHEREFORE, PREMISES CONSIDERED, Plaintiff herein, complains of Defendant and prays that Defendant be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from Defendant the following:

a.      Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and or producing causes of damages sustained by Plaintiff.

b.      For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of the policy benefits withheld, together with consequential damages and attorney's fees.

c.      For noncompliance with the *Texas Unfair Competition and Unfair Practices Act,* Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and mandatory attorney's fees.  See *Rosenblatt v. Freedom Life Ins. Co. of Am.*, 240 S.W.3d 315, 2007 Tex. App. LEXIS 6177 (Tex. App.—Houston [1st Dist.]

2007, no pet.)  For knowing and intentional conduct of the acts complained of, Plaintiff asks for three times economic damages and three times mental anguish damages.  See TEX. INS. CODE § 541.152 and TEX. BUS. & COM. CODE § 17.50.

d.  For noncompliance with *Texas Prompt Payment of Claims Act*, which is strict liability without any good faith exceptions, Plaintiff is entitled to the amount of her claims, as well as eighteen (18) percent interest on the total amount of the claim per annum post judgment interest, as allowed by law, and for any other further relief, either at law or in equity, to which she may show here to be justly entitled.  See *Am. Nat'l. Prop. & Cas. Co. Inc. v. Patty*, No. 05-00-01171-CV, 2001 Tex. App. LEXIS 5493 (Tex. App.—Dallas Aug. 15, 2001, pet. denied) (unpublished). The formula for calculating the interest penalty under this article is "$I = P\,R\,T$," where "$I$" is interest, "$P$" equals the principal, "$R$" equals the rate of interest, and "$T$" equals time over which interest is to be calculated.  Thus, where the insurer tendered less than the face value of the policy, the penalty should have been calculated until judgment was entered against the insurer.  Tender of partial payment of a claim does not reduce the penalty: the penalty is calculated based on the amount of the "claim," not the difference between the claim and any partial payment that is made. See *Republic Underwriters Ins. Co. v. Mex-Tex, Inc*., 106 S.W.3d 174, 183-84 (Tex.App.—Amarillo 2003, pet. denied).  Also See *Higginbotham v. State Farm Mut. Auto. Ins. Co.,* 103 F.3d 456, 461 (5th Cir. 1997).  Violations of Tex. Ins. Code § 542 are strict liability without any exception.

e.  For breach of the common law duty of good faith and fair dealing, actual damages, direct and indirect consequential damages, exemplary damages and mental anguish as to be determined by the jury.  See *Lee v. Safemate Life Ins. Co.*, 737 S.W.2d 84, 1987 Tex. App. LEXIS 8111 (Tex. App.—El Paso 1987, writ dism'd).  Exemplary damages are recoverable for a breach of

duty of good faith and fair dealing under the same principles allowing recovery of those damages in other tort actions; mental anguish damages are recoverable for a breach of duty of good faith and fair dealing under the same principles allowing recovery of those damages in other tort actions.

f.    Plaintiff seeks attorney fees at a contingent rate of forty-five percent as allowed by law. If attorney fees must be quantified at an hourly rate, Plaintiff seeks attorney fees at $750 an hour. See *Mid-Century Ins. Co. v. Barclay*, 880 S.W.2d 807, 1994 Tex. App. LEXIS 1480 (Tex. App.—Austin 1994, writ denied). Attorney's fees are awarded to a party as part of the damages owed by an insurance company that violates this chapter, and it is appropriate to require the insurer to pay a contingency fee, which may be greater than an hourly fee. The specter of large attorney's fee awards may serve as additional incentive to the insurance company to respond promptly and diligently to its insured's claims.

g.    Furthermore, the denial and/or wrongful delay to provide Plaintiff with insurance benefits by Defendant was apparently part of a common plan, routine, scheme, and design calculated to deny insurance benefits to policy holders. In order to punish Defendant and to set an example and thereby prevent other policyholders from being treated in this manner, exemplary damages should be awarded. Accordingly, Plaintiff seeks exemplary damages in an amount the jury deems appropriate.

h.    For pre-judgment interest on the amount due, calculated from the day the claim arose until the date of the judgment, at the rate of eight percent per annum or the current judgement rate as identified on the Texas Office of Consumer Credit Commissioner, as per Section 304.104 of the Texas Finance Code.

**VIII.**

## RESERVATION OF APPRAISAL RIGHTS, INVOCATION OF APPRAISAL AND AFFIRMATIVE DEFENSES

67. The Plaintiff, by filing this lawsuit, explicitly declares that they do not waive their right to demand an appraisal for determining the actual cash value and replacement cost value of the property damage loss claimed by them in the lawsuit. Indeed, the Plaintiff reserves their right to have a determination of the actual cash value and replacement cost value of the loss through appraisal as per the terms of the insurance policy.

68. Plaintiff invoked appraisal prior to filing suit, and hereby re-invokes appraisal and affirms that he wishes to engage in the appraisal process.

69. The insured reserves its right to assert one or more of the following affirmative defenses: waiver, contra proferentem, estoppel, breach of contract, unjust enrichment, failure to act in good faith, misrepresentation or fraud, duress, mistake or accident, subrogation, and lack of notice. The insured reserves the right to assert any of these affirmative defenses in response to any claim, complaint, avoidance, denial, motion, pleading, or defense brought against them by the insurer.

## IX.

## JURY DEMAND

70. Plaintiff respectfully demands a trial by jury and will remit this fee at the appropriate time.


Respectfully Submitted,


*/s/ Eric B. Dick*

Eric B. Dick
TBN: 24064316
FIN: 1082959
**DICK LAW FIRM, PLLC**
3701 Brookwoods Drive
Houston, Texas 77092
(844) 447-3234 - Office & Facsimile

eric@dicklawfirm.com
www.dicklawfirm.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Federal Rules of Civil Procedure on July 1, 2024.

*/s/ Eric B. Dick*
**Eric B. Dick**